ANDERSON YEH PC
  Edward M. Anderson (STATE BAR NO. 198183)
edward@andersonyehlaw.com
  Regina Yeh (STATE BAR NO. 266019)
regina@andersonyehlaw.com
401 Wilshire Boulevard, 12th Floor
Santa Monica, California  90401
Telephone: (310) 496-4270  Facsimile: (888) 744-0317

Attorneys for Plaintiff
AFSHIN SHAHIDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AFSHIN SHAHIDI, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>LIVEONE, INC., a Delaware corporation; LIVEXLIVE, CORP., a Delaware corporation; SLACKER, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1) **COPYRIGHT INFRINGEMENT;**<br><br>2) **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**<br><br>3) **VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Afshin Shahidi ("Plaintiff" or "Shahidi"), by and through his undersigned attorneys, hereby alleges as follows:

## JURISDICTION AND VENUE

### *Subject Matter Jurisdiction*

1. This action arises under the Copyright Act of 1976, as amended.

2. This Court therefore has federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

### *Personal Jurisdiction*

3. Pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, this Court has personal jurisdiction over any defendant who is subject to the jurisdiction of any California court of general jurisdiction. California's personal jurisdiction long arm statute, *Cal. Code Civ. Pro.* § 410.10, allows courts in the state to exercise personal jurisdiction over parties to the full extent permissible under the United States Constitution. Personal jurisdiction over the defendants here is thus proper if it comports with due process. It does, including for the following reasons.

4. Plaintiff is informed and believes and on that basis alleges that defendants LiveOne, Inc., formerly known as LiveXLive Media, Inc. ("LiveOne"), is the parent company of its subsidiaries LiveXLive, Corp. ("LiveXLive") and Slacker, Inc. ("Slacker"). Plaintiff is informed and believes and on that basis alleges that all three defendants are actively involved in and together operate an online radio music service and related services.

5. <u>LiveOne</u>: The Court has general or unlimited personal jurisdiction over LiveOne, because LiveOne has its principal corporate office or headquarters in California, and thus has continuous and systematic contacts with the State of California to satisfy the general or unlimited personal jurisdiction due process tests. Additionally and/or in the alternative, the Court has specific or limited personal jurisdiction over LiveOne in that Plaintiff's claims arise out of LiveOne's

purposeful availment of the rights, privileges, and protections of doing business in California, and also arise out of LiveOne's purposeful direction of tortious conduct toward the forum state.

6. <u>LiveXLive</u>: The Court has general or unlimited personal jurisdiction over LiveXLive, because LiveXLive has its principal corporate office or headquarters in California, and thus has continuous and systematic contacts with the State of California to satisfy the general or unlimited personal jurisdiction due process tests. Additionally and/or in the alternative, the Court has specific or limited personal jurisdiction over LiveXLive in that Plaintiff's claims arise out of LiveXLive's purposeful availment of the rights, privileges, and protections of doing business in California, and also arise out of LiveXLive's purposeful direction of tortious conduct toward the forum state.

7. <u>Slacker</u>: The Court has general or unlimited personal jurisdiction over Slacker, because Slacker has its principal corporate office or headquarters in California, and thus has continuous and systematic contacts with the State of California to satisfy the general or unlimited personal jurisdiction due process tests. Additionally and/or in the alternative, the Court has specific or limited personal jurisdiction over Slacker in that Plaintiff's claims arise out of Slacker's purposeful availment of the rights, privileges, and protections of doing business in California, and also arise out of Slacker's purposeful direction of tortious conduct toward the forum state

***Venue***

8. <u>LiveOne</u>: Venue in this district is proper as to LiveOne pursuant to 28 U.S.C. §§ 1400(a) and 1391(b)(1) and (d). LiveOne has its corporate headquarters in Los Angeles County, and thus resides in or may be found within this district under the applicable venue tests for corporate defendants, including in states with multiple judicial districts. Furthermore, all defendants are corporate defendants and are residents of this State. Venue is also proper as to LiveOne pursuant to 28

U.S.C. § 1391(b)(2) on the grounds that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, or a substantial part of the property that is the subject of the action is situated, within this judicial district.

9. <u>LiveXLive</u>: Venue in this district is proper as to LiveXLive pursuant to 28 U.S.C. §§ 1400(a), 1391(b)(1) and (d).  LiveXLive has its corporate headquarters in Los Angeles County, and thus resides in or may be found within this district under the applicable venue tests for corporate defendants, including in states with multiple judicial districts.  Furthermore, all defendants are corporate defendants and are residents of this State.  Venue is also proper as to LiveXLive pursuant to 28 U.S.C. § 1391(b)(2) on the grounds that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, or a substantial part of the property that is the subject of the action is situated, within this judicial district.

10. <u>Slacker</u>: Venue in this district is proper as to Slacker pursuant to 28 U.S.C. §§ 1400(a), 1391(b)(1) and (d).  Slacker has its corporate headquarters either in Los Angeles County or in San Diego County.  However, in any event, LiveOne and LiveXLive both have their corporate headquarters in Los Angeles County, and venue here is thus proper as to Slacker also, pursuant to 28 U.S.C. § 1391(b)(1).  Venue is also proper as to LiveXLive pursuant to 28 U.S.C. § 1391(b)(2) on the grounds that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, or a substantial part of the property that is the subject of the action is situated, within this judicial district.

## PARTIES

### *Plaintiff*

11. Plaintiff Afshin Shahidi is an individual and domiciliary and resident of the State of California, County of Los Angeles.  Plaintiff is a citizen of the United States.

///

12. Plaintiff is an accomplished and critically acclaimed photographer and filmmaker. He has worked on projects ranging from films and documentaries to music videos and commercials.

13. Among other accomplishments in his career, Plaintiff spent approximately 20 years photographing the late musical artist Prince. In 2017, Plaintiff published a book of featuring some of his photographs of Prince, titled *Prince: A Private View*. The book features hundreds of photographs, many of which had never been previously seen by the public.

### Named Defendants

14. Defendant LiveOne is a Delaware corporation, with its principal place of business located at 269 S. Beverly Drive, Suite 1450, Beverly Hills, California 90212, according to the records of the California Secretary of State, or otherwise within the County of Los Angeles. Plaintiff is informed and believes and on this basis alleges that LiveOne recently changed its corporate name from LiveXLive Media, Inc. to its current name.

15. LiveOne holds itself out as a digital media company, which engages in the acquisition, distribution, and monetization of live music, Internet radio, podcasting, and music-related streaming and video content. Plaintiff is informed and believes and on this basis alleges that LiveOne operates its subsidiary, defendant LiveXLive, a live music streaming platform; and defendant Slacker. Plaintiff is informed and believes and on that basis alleges that all three defendants participate actively in the operation of a streaming music service formerly or sometimes known as "Slacker Radio," and now or also known as "LiveXLive" (the "Streaming Radio Service").

16. Defendant LiveXLive is a Delaware corporation, with its principal place of business located at 269 S. Beverly Drive, Suite 1450, Beverly Hills, California 90212, according to the records of the California Secretary of State, or otherwise within the County of Los Angeles.

COMPLAINT

17. Defendant Slacker, Inc. ("Slacker") is a Delaware corporation, with its principal place of business located either in Los Angeles County, or possibly at 16935 West Bernardo Drive, Suite 270, San Diego, California 92127, according to the records of the California Secretary of State.

18. Plaintiff is informed and believes and on that basis alleges that defendants' Streaming Radio Service is made available by defendants to customers in California and the U.S., including as to the content at issue here.

19. Plaintiff is informed and believes and on that basis alleges that defendants' Streaming Radio Service is a subscription service and that some or all of the defendants receive subscription payments from customers in exchange for providing customers with access to the service.

### Doe Defendants

20. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained. Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

### Agency

21. Plaintiff is informed and believes and on this basis alleges that at all relevant times hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining

Defendants and was at all times acting within the scope of such agency, affiliation, alter ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and damages to Plaintiff proximately caused thereby.

## FACTS COMMON TO ALL CAUSES OF ACTION

### The Infringed Images

22. Plaintiff is the owner and, as to all rights at issue herein, the exclusive copyright holder, of the following photographic images (the "Photographs"):

a. "Prince Black Sweat 1," which depicts Prince wearing a black fedora with a grey band, a grey sportscoat, and a black shirt. "Prince Black Sweat 1" is registered to Plaintiff with the U.S. Copyright Office with Registration Number VA 2-009-285, with an effective date of registration of June 8, 2016. A copy of "Prince Black Sweat 1" is attached hereto as **Exhibit 1**.

b. "Prince Gold Guitar 1," which depicts Prince wearing a purple coat with gold trim, holding a stylized gold guitar. "Prince Gold Guitar" is registered to Plaintiff with the U.S. Copyright Office with Registration No. VA 2-273-915, with an effective date of registration of October 26, 2021. A copy of "Prince Gold Guitar 1" is attached hereto as **Exhibit 2**.

23. Plaintiff never licensed any rights to either of the Photographs to any of the Defendants. Nevertheless, the LiveOne Defendants used the Photographs without authorization or permission from Plaintiff, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

24. The LiveOne Defendants copied the Photographs, and then displayed and distributed them on the Streaming Radio Service. The Streaming Radio

Service platform provides streaming services online, and via mobile apps, TV streaming services (such as Apple TV, Roku, and Amazon Fire TV), and certain vehicle in-car entertainment systems (such as Tesla, Ford, and Lincoln vehicles), among other distribution channels.

25. Among other uses, Defendants used "Prince Black Sweat 1" as the image icon for the Streaming Radio Service's "Prince Radio" streaming channel, and for a significant number of Prince's individual songs and sound recordings.

26. Further, the Defendants used "Prince Gold Guitar 1" in connection with the image icon for the Streaming Radio Service's "'80s, '90s & Today" streaming channel. The image being used by Defendants features the "Prince Gold Guitar 1" photograph, but the image is a composite, in that it adds a young woman in a yellow bodysuit, holding her arms crossed above her head, to Prince's left. This image is an infringing derivative work of "Prince Gold Guitar 1."

27. An example of the Defendants' unauthorized uses of the Photographs as music channel icons on one of their distribution platforms is shown in the attached **Exhibit 3.**

28. Plaintiff is informed and believes and on that basis alleges that the Defendants also engaged in other unauthorized uses of the Photographs beyond the specific examples identified here (collectively, the "Infringing Uses").

29. On or about October 4, 2021, Plaintiff sent a valid DMCA takedown notice to LiveXLive, demanding that LiveXLive cease and desist any of their Infringing Uses of the Photographs and for LiveXLive to remove the Photographs from the LiveXLive platforms.

30. Through at least October 19, 2021, and by as late as October 28, 2021, the LiveOne Defendants had still not removed any of the Infringing Uses from the platform.

31. On or about October 29, 2021, a business executive for LiveXLive responded to Plaintiff's DMCA takedown notice, alleging that LiveXLive has

ceased the Infringing Uses and also claiming that LiveXLive had received the Photographs pursuant to a license agreement. However, upon Plaintiff's demand for a copy of the license agreement, LiveXLive has failed to deliver any such license agreement. Furthermore, no valid license agreement could exist, as Plaintiff has not entered into any licenses with any party pursuant to which Defendants could acquire any valid license to the Photographs.

## FIRST CLAIM FOR RELIEF

*Copyright Infringement – Against All Defendants*

32. Plaintiff repeats, re-alleges and incorporates herein by reference each and every allegation set forth in all of the foregoing paragraphs, and each paragraph of this Complaint hereafter, as if set forth herein in full.

33. Plaintiff is the author and copyright owner of the Photographs named in this Complaint.

34. Defendants reproduced, displayed, distributed, or otherwise copied the Photographs without Plaintiff's license, authorization, or permission. With respect to Prince Gold Guitar 1, Plaintiff is informed and believes and on that basis alleges that Defendants also created or caused the creation of an unauthorized derivative work of said Photograph.

35. The foregoing acts of Defendants infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their works to the public, and with respect to Prince Gold Guitar 1, to create derivative works. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. § 501, *et seq.*

36. Plaintiff has complied with 17 U.S.C. §§ 101, *et seq.* and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C. § 408.

37. Plaintiff suffered damages as a result of Defendants' unauthorized use of the Photographs.

38. Plaintiff is entitled to recover its actual damages and Defendants' profits attributable to the infringement of one or both Photographs, under 17 U.S.C. § 504(b).

39. For the Photographs that were timely registered before Infringing Uses, Plaintiff is entitled to elect statutory damages under 17 U.S.C. §§ 512 and 504(c), in an amount of not less than $750 or more than $30,000 per infringement of "Prince Black Sweat 1."

40. Within the time permitted by law, plaintiff will make its election between actual damages, and profit disgorgement, or statutory damages.

41. Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious. For the Photographs that were timely registered prior to the Infringing Uses, such acts subject Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

42. Within the time permitted by law, plaintiff will make its election between actual damages, and profit disgorgement, or statutory damages.

43. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. §§ 412 and 505.

## SECOND CLAIM FOR RELIEF

*Vicarious and/or Contributory Copyright Infringement – Against All Defendants*

44. Plaintiff repeats, re-alleges and incorporates herein by reference each and every allegation set forth in all of the foregoing paragraphs, and each paragraph of this Complaint hereafter, as if set forth herein in full.

45. If Defendants are not individually liable as direct infringers of the Photographs, they are secondarily liable for the infringements directly committed by individual agents, contractors, or other infringers presently unknown (the

"Direct Infringers").

46. Defendants contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under Defendants' direction and control and/or using technology, facilities, and support services provided by them.

47. Defendants had, or should have had, knowledge of the infringements of the Direct Infringers.

48. Defendants had the right and ability to supervise the infringing activity that all the Direct Infringers committed.

49. Defendants obtained some financial benefit from the infringement of Plaintiff's rights in the Photographs, including because they were a draw for consumers of the Streaming Radio Service, and Defendants enjoy monetary payments from said consumers, including in the form of paid subscriptions. Defendants are also profiting by selling and displaying third party advertising adjacent to the Photographs (*see, e.g.,* second page of Exhibit 3). Accordingly, Defendants had incentives to permit infringement by the Direct Infringers.

50. As a direct and proximate result of said acts of secondary infringement, Plaintiff has suffered substantial damages in an amount to be proven at trial.

51. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

52. Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

53. Plaintiff is informed and believes and on that basis alleges that Defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious. For the Photographs that were timely registered prior to the Infringing Uses, such acts subject Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per

infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

*Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202) – Against all Defendants*

54. Plaintiff repeats, re-alleges and incorporates herein by reference each and every allegation set forth in all of the foregoing paragraphs, and each paragraph of this Complaint hereafter, as if set forth herein in full.

55. On information and belief, Defendants, or someone acting on their behalf, removed or altered copyright management information ("CMI") from the Photographs without authorization of Plaintiff or the law, and then distributed the Photographs, with the CMI removed or altered, without the authorization of Plaintiff or the law

56. On information and belief, Defendants' removal or alteration of the CMI from the Photographs was intentional, and Defendants' distribution of the Photographs was with knowledge that the CMI had been removed or altered without authorization.

57. Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

58. Plaintiff has suffered damages as a result of Defendants' violation of 17 U.S.C. § 1202.

59. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### Prayer for Relief

WHEREFORE, Plaintiff prays judgment be entered in its favor and against Defendants, and each of them, as follows:

1. <u>On the First Claim for Relief for Copyright Infringement</u>:
   a. For a preliminary and permanent injunction against Defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell Plaintiff's Photographs described in the Complaint, or making derivative works thereof.
   b. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of Plaintiff's copyrights—including digital copies or any other means by which they could be used again by the Defendants without Plaintiff's authorization—as well as all related records and documents.
   c. For actual damages and all profits that Defendants derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.
   d. For an award of attorneys' fees.
   e. For an award of pre-judgment interest as allowed by law.
   f. For costs of suit.
   g. For such further relief as the Court deems just and proper.

2. <u>On the Second Claim for Relief for Contributory and/or Vicarious Copyright Infringement</u>:
   a. For a preliminary and permanent injunction against Defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell Plaintiff's Photographs described in the Complaint, or making derivative works thereof.
   b. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of Plaintiff's copyrights—including digital copies or any other means by which they could be used again by the Defendants without Plaintiff's authorization—as well as all related

    records and documents.

  c. For actual damages and all profits that Defendants derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

  d. For actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

  e. For an award of attorneys' fees.

  f. For an award of pre-judgment interest as allowed by law.

  g. For costs of suit.

  h. For such further relief as the Court deems just and proper.

3. <u>On the Third Claim for Relief for Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)</u>:

  a. For actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at Plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

  b. For an award of attorneys' fees.

  c. For an award of pre-judgment interest as allowed by law.

  d. For costs of suit.

  e. For such further relief as the Court deems just and proper.

DATED: November 9, 2021  ANDERSON YEH PC
            Edward M. Anderson
            Regina Yeh

            /s/ Edward M. Anderson
            Attorneys for Plaintiff
            AFSHIN SHAHIDI

COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, on its claims against defendants LIVEONE, INC., LIVEXLIVE, CORP., SLACKER, INC., and DOES 1 through 10, Plaintiff AFSHIN SHAHIDI hereby demands a trial by jury of all matters triable to a jury.

DATED: November 9, 2021      ANDERSON YEH PC
Edward M. Anderson
Regina Yeh

/s/ Edward M. Anderson
Attorneys for Plaintiff
AFSHIN SHAHIDI