KESHER LAW GROUP, P.C.
  Jeffrey A. Katz (STATE BAR NO. 137246)
jeffrey.katz@kesherlawgroup.com
1919 N. Heliotrope Dr.
Santa Ana, CA  92706
Telephone: (714) 296-8309

BOAG LAW PLLC
  David A. Boag (*Pro Hac Vice Pending*)
dab@boagip.com
447 Broadway, Suite 2-270
New York, NY  10013
Telephone: (202) 203-6651

Attorneys for Defendants
LIVEONE, INC., LIVEXLIVE, CORP.,
and SLACKER, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AFSHIN SHAHIDI, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>LIVEONE, INC., a Delaware corporation; LIVEXLIVE, CORP., a Delaware corporation; SLACKER, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | CASE NO.  2:21-CV-08830-MCS-KES<br><br>**DEFENDANTS LIVEONE, INC., LIVEXLIVE, CORP., and SLACKER, INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants LIVEONE, INC. ("LiveOne"), LIVEXLIVE, CORP. ("LiveXLive"), and SLACKER, INC. ("Slacker") (collectively, the "Defendants") submit the following Answer to the Complaint (the "Complaint") of AFSHIN

ANSWER TO COMPLAINT

SHAHIDI. With respect to the allegations set forth in the Complaint, Defendant answers as follows:

**Alleged Jurisdiction and Venue**

1.     Defendants admit that this is a civil action for alleged copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, et seq.

2.     Paragraph 2 of the Complaint sets forth legal conclusions as to which no response is required or given.

3.     Paragraph 3 of the Complaint sets forth legal conclusions as to which no response is required or given.

4.     Defendants admit that LiveOne was formerly known as LiveXLive Media, Inc. and is the parent company of LiveXLive, Corp., and Slacker, Inc., which are its subsidiaries.  Defendants admit that they together operate an online radio music service.  Defendants deny the remaining allegations contained in the last sentence of Paragraph 4 of the Complaint because the terms "actively involved" and "related services" as used in that sentence are vague and undefined.

5.     Defendant LiveOne admits that it has its principal corporate office in the State of California and does business in the State of California but denies the remaining allegations of Paragraph 5 of the Complaint, which set forth legal conclusions as to which no response is required or given.

6.     Defendant LiveXLive admits that it has its principal corporate office in the State of California and does business in the State of California but denies the remaining allegations of Paragraph 6 of the Complaint, which set forth legal conclusions as to which no response is required or given.

7.     Defendant Slacker admits that it has its principal corporate office in the State of California and does business in the State of California but denies the remaining allegations of Paragraph 7 of the Complaint, which set forth legal conclusions as to which no response is required or given.

ANSWER TO COMPLAINT

8.    Defendant LiveOne admits that it has its corporate headquarters in Los Angeles County.    Defendants admit that they each reside within the State of California.    Defendants deny the remaining allegations of Paragraph 8 of the Complaint, which set forth legal conclusions as to which no response is required or given.

9.    Defendant LiveXLive admits that it has its corporate headquarters in Los Angeles County.    Defendants admit that they each reside within the State of California.    Defendants deny the remaining allegations of Paragraph 9 of the Complaint, which set forth legal conclusions as to which no response is required or given.

10.    Defendant Slacker admits that it has its corporate headquarters in San Diego, California. Defendants LiveOne and LiveXLive each admit that they have their corporate headquarters in Los Angeles County.  Defendant Slacker denies the remaining allegations of Paragraph 10 of the Complaint, which set forth legal conclusions as to which no response is required or given.

## **PARTIES**

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant LiveOne admits that it is a Delaware corporation, with its principal place of business located at 269 S. Beverly Drive, Suite 1450, Beverly Hills, California and that it changed its corporate name from LiveXLive to LiveOne on October 5, 2021.  Defendant LiveOne denies the remaining allegations of Paragraph 14 of the Complaint.

ANSWER TO COMPLAINT

15.     Defendant LiveOne admits that it is a digital media company, which engages in the acquisition, distribution, and monetization of live music, Internet radio, podcasting, and music-related streaming and video content. Defendant LiveOne further admits that it operates its subsidiary, defendant LiveXLive, a live music streaming platform; and defendant Slacker.  Defendant LiveOne admits that it is the parent of Defendants LiveXLive and Slacker and operates the Slacker Radio and LiveXLive streaming media services (the "Streaming Radio Services"). Defendant LiveOne denies the remaining allegations of Paragraph 15 of the Complaint because the term "participate actively" as used in that sentence are vague and undefined.

16.     Defendant LiveXLive admits that it is a Delaware corporation, with its principal place of business located at 269 S. Beverly Drive, Suite 1450, Beverly Hills, California 90212. Defendant LiveXLive denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Defendant Slacker admits that it is a Delaware corporation, with its principal place of business in San Diego, California. Defendant Slacker denies the remaining allegations of Paragraph 17 of the Complaint.

18.     Defendants admit that the Streaming Radio Services are made available to customers in California and the United States.  Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19.     Defendants admit that the Streaming Radio Services are offered at least in part on a subscription basis and that Defendants receive subscription payments from customers in exchange for providing customers with access to the service. Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint sets forth legal conclusions as to which no response is required or given.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

**ALLEGED FACTS COMMON TO ALL CAUSES OF ACTION**

ANSWER TO COMPLAINT

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants admit that the Streaming Radio Services are provided online, via mobile apps, TV streaming services, and vehicle in-car entertainment services. Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25.     Defendants admit that the image titled "Prince Black Sweat 1" was provided to them by a third party that represented that its use was authorized for the Streaming Music Service, which representation they relied upon. Defendants deny the remaining allegations contained in the last sentence of Paragraph 25 of the Complaint because the term "significant number" as used in that sentence is vague and undefined.

26.     Defendants admit that the image titled "Prince Gold Guitar 1" was provided to them by a third party that represented that its use was authorized for the Streaming Music Service, which representation they relied upon. Defendants deny the remaining allegations contained in Paragraph 26.

27.     Defendants admit that Exhibit 3 to the Complaint purports to be an excerpt from the Streaming Music Service but denies that any images shown therein were used without authorization.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint.

29.     Defendant LiveXLive admits that it received a letter from Plaintiff on October 4, 2021, making claims under the DMCA concerning Prince Black Sweat 1 and Prince Gold Guitar 1.  Defendant denies the remaining allegations of Paragraph 29 of the complaint.

30.     Defendants deny the allegations of Paragraph 30 of the Complaint.

31.     Defendant LiveXLive admits that on or about October 29, 2021, LiveXLive responded to Plaintiff advising him that any use of the Prince Black Sweat 1 and Prince Gold Guitar 1 was authorized.  Defendant LiveXLive admits that it has

not provided documentation of that authorization to Plaintiff.  Defendant LiveXLive denies the remaining allegations of Paragraph 31 of the Complaint.

## FIRST CLAIM FOR RELIEF

32.     Defendants incorporate by reference their answers to the preceding Paragraphs as if set forth at length herein.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations of Paragraph 34 of the Complaint.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint.

39.     Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint is a statement of Plaintiff's intent for which no response is required or given.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint is a statement of Plaintiff's intent for which no response is required or given.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

## SECOND CLAIM FOR RELIEF

44.     Defendants incorporate by reference their answers to the preceding Paragraphs as if set forth at length herein.

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

ANSWER TO COMPLAINT

49.     Defendants deny the allegations of Paragraph 49 of the Complaint.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint.

53.     Defendants deny the allegations of Paragraph 53 of the Complaint.

### THIRD CLAIM FOR RELIEF

54.     Defendants incorporate by reference their answers to the preceding Paragraphs as if set forth at length herein.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Complaint.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint is a statement of Plaintiff's intent for which no response is required or given.

### PRAYER FOR RELIEF

60.     Defendants deny that the Plaintiff is entitled to the relief requested in their Complaint or to any other relief whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative and other defenses.

### FIRST DEFENSE

The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

ANSWER TO COMPLAINT

## SECOND DEFENSE

One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

## THIRD DEFENSE

Defendants have one or more license(s).

## FOURTH DEFENSE

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations.

## FIFTH DEFENSE

The alleged copyrighted works that are the subject of this Complaint consist of material that is not original.

## SIXTH DEFENSE

The alleged copyrighted works that are the subject of this Complaint do not constitute protectable copyrightable subject matter.

## SEVENTH DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, estoppel, acquiescence, consent, and express and/or implied license.

## EIGHTH DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's allegedly copyrightable material constitutes fair use.

ANSWER TO COMPLAINT

## NINTH DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's allegedly copyrightable material constitutes de minimis use.

## TENTH DEFENSE

Plaintiff's alleged damages, if any, are due solely to acts and omissions that are not those of, and are independent from, the Defendants.

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate any alleged damages.

## TWELFTH DEFENSE

Plaintiff's Complaint and any claims therein are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Upon information and belief, Plaintiffs did not obtain a valid copyright registration of the allegedly infringed works before the act of alleged infringement in the Complaint and therefore Plaintiffs are not entitled to any award of attorneys' fees or statutory damages under the United States Copyright Act.

## FOURTEENTH DEFENSE

Plaintiff's alleged damages, if any, are limited by Defendants' innocent intent.

WHEREFORE, Defendants respectfully submit that the Complaint should be dismissed with prejudice and judgment entered in their favor, and that Defendants be awarded their reasonable attorney's fees and costs incurred in the defense of this action pursuant to 17 U.S.C. § 505.

ANSWER TO COMPLAINT

1  DATED: January 18, 2022          KESHER LAW GROUP, P.C.
                                    Jeffrey A. Katz
2

3
                                    /Jeffrey A. Katz/
4                                   _____
                                    Attorneys for Defendants
5                                   LIVEONE, INC., LIVEXLIVE, CORP., and
                                    SLACKER, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

1

**DEMAND FOR TRIAL BY JURY**

2

Defendants demand a trial by jury of all of Plaintiff's claims that are so triable.

3

DATED: January 18, 2022             KESHER LAW GROUP, P.C.

4                                   Jeffrey A. Katz

5

6                                   /Jeffrey A. Katz/
                                    _____
7                                   Attorneys for Defendants
                                    LIVEONE, INC., LIVEXLIVE, CORP., and
8                                   SLACKER, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT