ANDERSON YEH PC
  Edward M. Anderson (STATE BAR NO. 198183)
edward@andersonyehlaw.com
  Regina Yeh (STATE BAR NO. 266019)
regina@andersonyehlaw.com
401 Wilshire Boulevard, 12th Floor
Santa Monica, California  90401
Telephone: (310) 496-4270  Facsimile: (888) 744-0317

Attorneys for Plaintiff
AFSHIN SHAHIDI

KESHER LAW GROUP, P.C.
  Jeffrey A. Katz (STATE BAR NO. 137246)
jeffrey.katz@kesherlawgroup.com
1919 N. Heliotrope Dr.
Santa Ana, CA  92706
Telephone: (714) 296-8309

BOAG LAW PLLC
  David A. Boag
dab@boagip.com
447 Broadway, Suite 2-270
New York, NY  10013
Telephone: (202) 203-6651

Attorneys for Defendants
LIVEONE, INC., LIVEXLIVE, CORP.,
and SLACKER, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AFSHIN SHAHIDI, an individual, | CASE NO.  2:21-CV-08830-MCS-KES |
| Plaintiff, | **STIPULATION FOR ORDER THAT DEFENDANTS APPEAR FOR DEPOSITION ON SEPTEMBER 8, 2022 TO GIVE TESTIMONY ON IDENTIFIED TOPICS PURSUANT TO FED. R. CIV. PRO. 30(b)(6) AND RELATED SCHEDULING CONSIDERATION ORDER** |
| v. | |
| LIVEONE, INC., a Delaware corporation; LIVEXLIVE, CORP., a | |

STIPULATION FOR EXTENSION OF TIME TO RESPOND

Delaware corporation; SLACKER,
INC., a Delaware corporation; and
DOES 1-10, inclusive,

Defendants.

*(Declaration of Edward M. Anderson
and [Proposed] Order submitted
concurrently)*

Action Filed:  November 9, 2021
Discovery Cut-off: October 3, 2022
Motion Cut-off: October 31, 2022
FPTC: January 23, 2023
Trial Date: February 7, 2023

## STIPULATION

Plaintiff Afshin Shahidi ("Plaintiff" or "Shahidi"), on the one hand, and defendants LiveOne, Inc., LiveXLive Corp., and Slacker, Inc. (together, "Defendants"), on the other hand, by and through their attorneys of record, agree and stipulate as follows:

Plaintiff filed his initial Complaint on November 9, 2021 (Dkt. No. 1) (Declaration of Edward M. Anderson ["Anderson Decl."], ¶ 2.)  The Complaint asserts copyright infringement claims against Defendants for alleged infringement of two photographs of the musical artist Prince Rogers Nelson ("Prince") in which Plaintiff claims copyright ownership, and which Plaintiff alleges Defendants used without Plaintiff's authorization in connection with Defendants' Internet streaming radio services.  (*Id.*)

Plaintiff served the initial Complaint on defendant Slacker, Inc. on November 12, 2021, (Dkt. No. 11); on defendant LiveXLive Corp. on November 15, 2021 (Dkt. No. 12); and on defendant LiveOne, Inc. by multiple attempted means (Dkt. Nos. 13 and 14), yielding service on LiveOne, Inc. on December 27, 2021 (Dkt. No. 14).  (Anderson Decl., ¶¶ 3-5.)

Defendants Slacker, Inc. and LiveXLive Corp. did not make responses to the initial Complaint by the respective response deadlines, and defendant LiveOne, Inc. requested an extension of time to respond prior to its response deadline.  (*Id.*, ¶¶ 6-

1  7.) All of this yielded a stipulated request by Defendants on January 3, 2022 for an
2  order permitting them to file responses to the Complaint by January 18, 2022 [Dkt.
3  No. 15], which stipulated requested order the Court granted on January 4, 2022.
4  [Dkt. No. 16).  (Anderson Decl., ¶ 8.)

5      Defendants filed a joint Answer to the Complaint on January 18, 2022.  [Dkt.
6  No. 17].  (Anderson Decl., ¶ 9.)  On January 19, 2022, the Court entered an Initial
7  Scheduling Order setting an Initial Scheduling Conference for March 14, 2022.
8  [Dkt. No. 18.]  (Anderson Decl., ¶ 10.)

9      The parties held their Fed. R. Civ. Pro. 26(f) initial meeting of counsel on
10  February 16, 2022, submitted their Joint Fed. R. Civ. Pro. 26(f) Report on February
11  28, 2022 [Dkt. No. 21], and the Court entered a Trial Setting and Scheduling Order
12  on March 2, 2022 [Dtk. No. 22].  (Anderson Decl., ¶ 11.)

13      The parties exchanged Initial Disclosures on March 2, 2022.  (Anderson
14  Decl., ¶ 12.)  Defendants did not produce any documents with their Initial
15  Disclosures.  (*Id.*)

16      Plaintiff served first sets of requests for production of documents pursuant to
17  Fed. R. Civ. Pro. 34 ("Rule 34") on Defendants on February 28, 2022, with
18  Defendants' responses due on April 4, 2022.  (Anderson Decl., ¶ 13.)

19      Defendants did not timely respond to Plaintiff's first set of document
20  requests, either with written responses or any document production.  (*Id.*, ¶ 14.)

21      Respective counsel for Plaintiff and Defendants proceeded to meet and confer
22  regarding Defendants' document request responses, including pursuant to formal
23  L.R. 37-1 pre-filing procedures initiated by Plaintiff.  (Anderson Decl., ¶¶ 15-16.)
24  This meet and confer process has significantly narrowed the parties' disputes as to
25  Defendants' responses to Plaintiff's first set of Rule 34 requests.  (*Id.*)  Respective
26  counsel for the parties at present continue to work toward full resolution of
27  Defendants' responses to Plaintiff's first set of Rule 34 requests, hopefully without
28  motion practice.  (*Id.*)  However, Plaintiff and Plaintiff's counsel contend that, even

STIPULATION FOR ORDER RE DEFENDANTS' DEPOSITION

1  in the ultimately largely successful meet and confer process regarding Defendants'

2  responses to Plaintiff's first set of Rule 34 Requests, Defendants nonetheless missed

3  multiple agreed deadlines for various resolution milestones, such that Plaintiff is

4  concerned that Defendants' representations of future performances on discovery

5  issues are unreliable.  (*Id.*)

6      The parties participated in Alternative Dispute Resolution, via mediation with

7  panel mediator Diane Faber.  (Anderson Decl., ¶ 17.)  Plaintiff contends that the

8  mediation scheduling experience further bolsters Plaintiff's concerns that

9  Defendants have a pattern of difficulty in meeting even agreed deadlines.  (*Id.*)

10  The parties and the mediator initially agreed on a mediation session to take place on

11  June 2, 2022, but the session did not go forward and rather had to be rescheduled,

12  because Defendants were unprepared to go forward on the agreed June 2, 2022 date

13  when it came.  (*Id.*)  Respective counsel and client principals and mediator Faber

14  eventually participated in a formal mediation session on June 28, 2022, followed by

15  post-session mediation discussions which continued until July 28, 2022.  (*Id.*)  The

16  parties were not successful in resolving their dispute in the ADR mediation process,

17  and the mediator and the parties filed ADR status/completion reports with the Court

18  on August 2 and August 9, 2022.  [Dkt. Nos. 34 and 35.]  (Anderson Decl., ¶ 17.)

19  The Trial Setting and Pretrial Scheduling Order sets November 14, 2022 as the

20  deadline for the parties to complete ADR.  [Dkt. No. 22.]  (Anderson Decl., ¶ 17.)

21  The parties may continue to have settlement discussions outside of mediation, but to

22  date have been unable to resolve their disputes.  (Anderson Decl., ¶ 17.)

23      In broad terms, the parties' dispute regarding the two photographs in question

24  persists in large part because (a) from Plaintiff's perspective, Defendants are relying

25  on defenses which Plaintiff contends are not supported by any evidence and are

26  contradicted by documents produced by Defendants and have made the case more

27  expensive to resolve than it should be, and (b) from Defendants' perspective, in

28  addition to disagreeing with Plaintiff's interpretation of the evidence available,

- 4 -
STIPULATION FOR ORDER RE DEFENDANTS' DEPOSITION

1  Defendants believe that Plaintiff is overvaluing the photographs and relying on
2  unavailable remedies, even if there were any infringement, which Defendants deny.
3  (Anderson Decl., ¶ 18.)

4      Most immediately, Plaintiff and Defendants currently have a dispute
5  regarding the scheduling of Defendants' depositions, driven in part by Plaintiff's
6  concerns about what Plaintiff perceives as a pattern of Defendants missing
7  deadlines, even agreed deadlines.  The parties have met and conferred and have a
8  proposed resolution if the Court is agreeable to it.

9      After preliminarily conferring informally with Defendants' counsel including
10 regarding locations for Defendants' depositions, on July 25, 2022, Plaintiff served
11 Defendants with Notices of Deposition of each Defendant on identified topics,
12 pursuant to Fed. R. Civ. Pro. 30(b)(6) (the "Deposition Notices").  (Anderson Decl.,
13 ¶ 19.)  Plaintiff's Deposition Notices set the respective deposition dates for the three
14 defendants on August 5, 8 and 9, 2022, with an offer to confer with Defendants on
15 mutually agreeable alternative dates, with Plaintiff requiring that any mutual
16 agreement for alternative dates have Defendants appear for depositions no later than
17 August 18, 2022.  (*Id.*)

18     Between July 25, 2022 and August 9, 2022, respective counsel for Plaintiff
19 and Defendants conferred regarding the Deposition Notices, and agreed that a single
20 day would likely be sufficient for all three depositions, including pursuant to
21 Defendants' representation that a specific single individual (Jaime Solis) would be
22 able to answer the identified topic questions on behalf of all three Defendants.
23 (Anderson Decl., ¶ 20.)  However, by August 9, 2022, Plaintiff and Defendants had
24 not agreed on alternative dates; Plaintiff contends it had not agreed to relieve
25 Defendants of an obligation to appear on the noticed dates; and Defendants did not
26 appear on the noticed dates.  (*Id.*)

27     As a result, on August 9, 2022, Plaintiff served Defendants with a formal
28 letter pursuant to L.R. 37-1 requesting a pre-filing conference regarding Defendants'

- 5 -
STIPULATION FOR ORDER RE DEFENDANTS' DEPOSITION

1 failure to appear for the Noticed Depositions.  Plaintiff and Defendant held a L.R.

2 37-1 pre-filing telephonic conference of counsel regarding same on August 15,

3 2022, and have continued to confer thereafter.  (Anderson Decl., ¶ 21.)

4      The issues between the parties regarding the Noticed Depositions are as

5 follows:

6      Defendants have identified an individual employee, officer or director of

7 theirs (Jaime Solis) who Defendants believe and have represented to Plaintiff will be

8 able to testify meaningfully on all of the Fed. R. Civ. Pro. 30(b)(6) topics identified

9 in Plaintiff's deposition notices.  (Anderson Decl., ¶ 23.)  Defendants represent that

10 Mr. Solis had a pre-scheduled medical procedure on August 9, 2022, recovery from

11 which made him unavailable for deposition until at the earliest August 29, 2022, but

12 preferably not until September 7, 8 or 9, 2022.  (*Id.*)  Defendants have offered

13 voluntarily to make him available on one of those days, without motion practice.

14 (*Id.*)

15      Plaintiff's concerns are that (a) Plaintiff sees this as consistent with a pattern

16 of delay by Defendants, especially where, for example, it does not appear to Plaintiff

17 that there is any reason why Mr. Solis could not have appeared to testify on the

18 noticed dates of August 5 or 8, 2022, prior to his medical procedure; (b) Plaintiff

19 timely pursued noticing Defendants' depositions and the enforcement preparation

20 process to be able to make a discovery motion about Defendants' alleged non-

21 compliance with the notices, to be heard prior to the discovery motion cut off of

22 October 3, 2022; (c) Plaintiff believes that Defendants have regularly missed even

23 agreed deadlines in the case; and (d) if Plaintiff forgoes current motion practice in

24 reliance only on Defendants' representation that they will appear on one of the

25 offered dates, and they then do not actually appear, it will be too late for Plaintiff to

26 seek an order for their appearance without asking for an exception from the current

27 pre-trial schedule to allow a hearing of such a motion after the current October 3,

28 2022 discovery motion cutoff, given the L.R. 37 and related procedural

STIPULATION FOR ORDER RE DEFENDANTS' DEPOSITION

1 | requirements for such a motion.  (Anderson Decl., ¶ 24.)

2 |       Reserving that they each have disagreements with the other's positions and

3 | characterizations, Plaintiff and Defendants have agreed that the issues between them

4 | as to the Notice Depositions may be resolved as follows, which resolution seems

5 | likely to save the Parties and the Court time and resources:

6 |

7 | [Continued Next Page]

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

STIPULATION FOR ORDER RE DEFENDANTS' DEPOSITION

1    (a) Defendants will appear for deposition on September 8, 2022 to offer
2        testimony on the identified Fed. R. Civ. Pro. 30(b)(6) topics in Plaintiff's
3        deposition notices and that appearance will be pursuant to Court order; and
4    (b) If Defendants fail to appear on the date above, or if the parties otherwise
5        have a dispute regarding the conduct of the deposition, then, if presented
6        with the issue with reasonable diligence, the Court shall consider granting
7        leave for a discovery motion to be heard on said issues after the current
8        October 3, 2022 discovery motion cutoff.  (Anderson Decl., ¶ 25.)
9    So stipulated.  Pursuant to L.R. 5-4.3.4(a)(2)(ii), filing counsel attests that all
10   other signatories concur in the filing's contents and have authorized the filing.

11
12   DATED: August 25, 2022          ANDERSON YEH PC
13                                   Edward M. Anderson
                                     Regina Yeh
14                                        /s/ Edward M. Anderson
15                                   _____
                                     Attorneys for Plaintiff
16                                   AFSHIN SHAHIDI
17
18   DATED: August 25, 2022          KESHER LAW GROUP, P.C.
                                     Jeffrey A. Katz
19
20                                        /s/ Jeffrey A. Katz
21                                   _____
22                                   Attorneys for Defendants
                                     LIVEONE, INC., LIVEXLIVE, CORP., and
23                                   SLACKER, INC.
24
25
26
27
28

- 8 -
STIPULATION FOR ORDER RE DEFENDANTS' DEPOSITION